## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

**ETUKUDOR WILLIAMS**

**v.**                                                         **C.A. No. 09-0055ML**

**A.T. WALL, ET AL.**

### REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

On February 9, 2009, Etukudor Williams ("Williams" or "Petitioner"), an inmate incarcerated at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island, filed with the Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254") (the "Petition"). The Attorney General for the State of Rhode Island, designated a party-respondent ("the State" or "Defendant"), has moved to dismiss the Petition. Petitioner has not opposed Defendant's motion. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons stated below, I recommend that Defendant's Motion to Dismiss be granted and the Petition be dismissed.

### BACKGROUND

In July of 2006, Williams was arrested on several counts of child molestation and held in prison without bail. *See* Motion to Dismiss, Exh. 1 (Criminal Docket Sheet), p. 2. On November 21, 2006, Williams was indicted by a Providence County grand jury on two counts of first degree child molestation and one count of second degree child molestation. *See id.* at Exh. 1, p. 6. Williams entered a not guilty plea at his arraignment in Rhode Island Superior Court on December 13, 2006, and the Superior Court judge ordered him to be held without bail. *See id.* On June 14, 2007, the Superior Court held a bail hearing and again the judge denied Williams bail, ordering that he be held at the ACI while awaiting trial. *See id.* at Exh. 1, p. 2, 7.

1

Williams filed the instant habeas petition on or about February 9, 2009 seeking relief under § 2254.  *See* Petition, p. 1.  He challenges the Superior Court's June 14, 2007 order denying him bail as violating his constitutional rights.  See id. at p. 2. In the Petition, Williams claims, *inter alia*, that (1) his liberty interests have been violated because he has been incarcerated for two and a half years without bail; and (2) his Due Process rights have been violated based on denial of bail, the right to a speedy trial, the right to confront witnesses against him, and the right to the assistance of counsel in his defense.  *See id.* at p. 5.

On April 28, 2009, two and a half months after he filed the Petition with the Court, Williams's trial on the child molestation charges commenced in the Rhode Island Superior Court.  *See* Motion to Dismiss, Exh. 1, p. 10.  On May 4, 2009, Williams advised the Superior Court judge that he wished to change his "not guilty" plea to "guilty."  *See id.* at p. 3. Thereafter, Williams pled guilty to one count of second degree child molestation and the State dismissed the remaining first degree child molestation count (the Superior Court had previously dismissed the other first degree child molestation count).  *See id.* at Exh. 1, p. 1-2 & 10.  The Superior Court sentenced Williams to ten years at the ACI (retroactive to July 30, 2006), five years to serve, the balance suspended with probation.  *See id.* at Exh. 1, p. 1-2.

## DISCUSSION

The State urges that the Petition should be dismissed because: (1) the Petition is filed under the incorrect statute, thereby depriving the Court of jurisdiction; (2) the Petition is moot; and (3) Williams failed to exhaust his state court remedies.  I agree with the State that the Petition fails to allege the proper jurisdictional basis and that, even if the jurisdictional basis is recharacterized, the Petition is moot.  Therefore, the issue of exhaustion of state court remedies need not be addressed.

## I.      § 2254 is Improper Jurisdictional Basis

Title 28, Section 2254 of the United States Code is available to "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254.   However, a state prisoner challenging pretrial detention should instead seek relief under 28 U.S.C. § 2241(c)(3) ("§ 2241(c)(3)"), which makes habeas relief "available to any state prisoner 'in custody in violation of the Constitution or laws...of the United States.'" *Jackson v. Coalter*, 337 F.3d 74, 79 (1st Cir. 2003)(quoting 28 U.S.C. § 2241(c)(3)); *see also Higgins v. State of Rhode Island*, 187 F.3d 622 (1st Cir. 1998).

Here, the Petition is flawed because it fails to allege the proper jurisdictional basis for relief.  Williams filed the Petition on February 9, 2009 as a pretrial detainee, prior to the entry of judgment against him on May 4, 2009.  He challenges as unconstitutional the denial of bail on June 14, 2007 that resulted in his continued pretrial custody.  Although he filed the instant action pursuant to § 2254, clearly he should have filed his petition pursuant to § 2241(c)(3).  *See Higgins*, 187 F.3d at 622; *Duran v. Com. of Mass.*, No. 88-0492, 1988 WL 115039, at 3 n. 1 (D.Mass. Oct. 17, 1988) (citing *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 108 S.Ct. 352 (1987)).  Therefore, as Williams is not entitled to relief under § 2254, the Court lacks jurisdiction to adjudicate Williams's claim. *See Higgins*, 187 F.3d at 622.

## II.     The Claims in the Petition Are Moot

In certain circumstances, a Court may recharacterize the jurisdictional basis of a petition for habeas corpus filed by a *pro se* petitioner from § 2254 to § 2241(c)(3).  *See Duran*, 1988 WL 115039, at *3 n. 1 ("Because the petition was brought pro se, however, and mindful of the liberality with which such petitions should be evaluated ... this flaw [of filing under § 2254 rather than § 2241(c)(3)] is not determinative of [petitioner's] case).  However, even assuming,

*arguendo,* Williams had filed the instant habeas petition under § 2241(c)(3), the Petition still fails because it is moot. "A habeas petition is moot if it fails to present a live case or controversy." *Jackson,* 337 F.3d at 79. As the Petition challenges the June 14, 2007 pretrial order denying him bail pending trial, Williams's subsequent conviction in Rhode Island Superior Court on May 4, 2009 rendered the claims in the Petition moot. *See Murphy v. Hunt,* 455 U.S. 478, 481-82 (1982)(claim pursuant to 42 U.S.C. § 1983 to pretrial bail moot after conviction); *Fassler v. United States,* 858 F.2d 1016, 1018 (5th Circ. 1988)(habeas petition seeking relief from pretrial confinement moot following conviction).

### CONCLUSION

For the reasons set forth above, and given that Defendant's Motion to Dismiss is unopposed, I recommend that Defendant's Motion to Dismiss be GRANTED and the Petition be DISMISSED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete,* 792 F.2d 4 (1st Cir. 1986)(per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980).


Jacob Hagopian
Senior United States Magistrate Judge
December 1, 2009